Filed 8/11/14  P. v. Escobedo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUPE GONZALES ESCOBEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B251093<br>(Super. Ct. No. CR38966)<br>(Ventura County) |

Lupe Gonzales Escobedo appeals an order denying his petition for resentencing under Penal Code section 1170.126[1] of the Three Strikes Reform Act of 2012 (§§ 667, 1170.12, 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).)  Escobedo contends that he is entitled to resentencing because the People did not prove beyond a reasonable doubt that he poses an unreasonable risk of danger to the public if released.  We conclude that a lower sentence modification under section 1170.126 of the Three Strikes Reform Act does not implicate Sixth Amendment concerns.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL HISTORY

Escobedo is serving a term of 50 years to life under the three strikes law for a 1998 conviction upon plea of guilty to two counts of receiving stolen property. (§ 496, subd. (a).) Escobedo's criminal history include serious and violent felony convictions.

Escobedo petitioned the trial court to recall his sentence and to resentence him as a second strike offender under section 1170.126. The People opposed the petition. The court conducted a hearing in which it received evidence of Escobedo's criminal history and his conduct while incarcerated. It also heard testimony from Escobedo and three other witnesses about his reform.

The trial court found that Escobedo is eligible to be considered for resentencing because he is serving an indeterminate term under the three strikes law and his current sentence was not imposed for a serious or violent felony. (§ 1170.126, subd. (e).) But the court exercised its discretion not to resentence Escobedo because it found that he would pose an unreasonable risk of danger to public safety. (*Id.* subd. (f).) The court explained its reasons in a written decision. It expressed concern about Escobedo's serious and violent criminal conviction history and his lengthy record of discipline while incarcerated. The trial court concluded that, "the People have proven, by a preponderance of the evidence, that the defendant poses an unreasonable risk of danger to the public safety should he be released. If the correct standard of proof in a petition such as this is proof beyond a reasonable doubt, the court would not find that the People have met their burden."

DISCUSSION

*The Three Strikes Reform Act*

Under the three strikes law as it existed before Proposition 36, a defendant convicted of two prior serious or violent felonies was subject to a sentence of 25 years to life upon conviction of any third felony. The Three Strikes Reform Act of 2012 reduces punishment for certain non-violent third-strike offenders. Prisoners such as Escobedo, who are currently serving an indeterminate sentence for a third felony conviction which

2

was not a serious or violent felony, may seek resentencing as a second strike offender to a determinate term. (§ 1170.126.)

Upon such petition, the trial court determines whether the inmate is eligible to be considered for resentencing. It is undisputed that Escobedo is eligible. When a petitioner is eligible, the trial court must decide whether resentencing the petitioner poses an unreasonable risk to public safety. (§ 1170.126, subd. (f).)

*Standard of Review*

The electorate entrusted to the trial court's sound discretion the question whether resentencing poses an unreasonable risk to public safety. Section 1170.126, subdivision (f) provides that the petitioner "shall be" resentenced as a second striker "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) In exercising its discretion, the trial court may consider "the petitioner's criminal conviction history . . . [¶] . . . disciplinary record . . . [and] . . . [¶] [a]ny other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (*Id.*, subd. (g)(1)-(3).)

The trial court's discretion to resentence under section 1170.126 is akin to other sentencing decisions. A trial court has "discretion to make numerous other sentencing choices, such as whether to grant or deny probation, impose consecutive sentences, or strike the punishment for an enhancement." (*People v Sandoval* (2007) 41 Cal.4th 825, 850.) An appellant who attempts to show abuse of such discretion bears a heavy burden to show the court's decision was arbitrary, capricious or exceeded the bounds of reason. (*People v. Welch* (1993) 5 Cal.4th 228, 234 [decision whether to grant probation].)

*The Trial Court Did Not Abuse Its Discretion*

The trial court exercised its discretion not to resentence Escobedo in the manner prescribed by section 1170.126. It "plac[ed] emphasis on Mr. Escobedo's criminal history and his history of bad conduct while in prison." It noted Escobedo's "weapons and drug violations in 2001, 2002 and 2003" and observed that his prior strike

3

convictions "were numerous and involved threats of death to multiple victims." The People met their burden to convince the trial court of these facts by a preponderance of the evidence. (Evid. Code, § 115.) No more was required.

The current conviction was not serious or violent, but the court expressed concern that "at the time of his arrest, Mr. Escobedo told the arresting officers it was good that they prevented him from getting to the shotgun in the motel room in which he had been staying, since he had little to lose by killing an officer, given his status as a person subject to the [three] strikes law. This has not changed. Should Mr. Escobedo be released and then be subject to rearrest on a new, three strike case, the logic he set forth in 1997 still holds."

The trial court acknowledged that Escobedo's last serious disciplinary violation was in 2003 "where he was using intravenous narcotics in the shower," but discredited Escobedo's testimony that he was a "changed man." The court noted that Escobedo had "two write-ups in 2011 for disobeying staff" and that "the petitioner's attitude toward staff which led to the latest violations is of great concern."

*No Proof To Jury Beyond A Reasonable Doubt*

We reject Escobedo's contention that "unreasonable risk of danger to public safety" is a fact that must be pled and proved to a jury beyond a reasonable doubt. We agree with *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285.

Any fact that increases the penalty for a crime beyond the statutory maximum must be proved to a jury beyond a reasonable doubt in order to satisfy the Sixth Amendment right to a jury trial. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490; *Alleyne v. U.S.* (2013) __ U.S. __ [133 S.Ct. 2151].) But this constraint applies only to a fact that is "legally essential to punishment." (*Blakely v. Washington* (2004) 542 U.S. 296, 313.) It does not, however, apply to a proceeding in which a trial court may, in its discretion, modify downward a properly imposed sentence. (*Dillon v. United States* (2010) 560 U.S. 817, 828-829; *Kaulick, supra,* 215 Cal.App.4th 1279 [decision whether resentencing would pose "unreasonable risk of danger" for purposes of section 1170.126, subdivision (f) does not implicate Sixth Amendment rights]; see *People v. Osuna* (2014)

4

225 Cal.App.4th 1020, 1038 [decision whether a petitioner was armed with a firearm during the current offense and is therefore ineligible for resentencing under section 1170.126, subdivision (e), does not implicate Sixth Amendment rights]; *accord People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063.)

Like the petitioner in *Kaulick,* Escobedo contends that the Three Strikes Reform Act establishes a new statutory maximum penalty for eligible petitioners–a second strike sentence. He points out that the presumptive outcome for an eligible petitioner under section 1170.126 is resentencing, "unless" the court finds unreasonable risk. He contends the factor "unreasonable risk" increases the new statutory maximum and therefore implicates Sixth Amendment rights. We reject the contention for the same reasons expressed by our colleagues in Division Three. (*Kaulick, supra,* 215 Cal.App.4th at pp. 1301-1303.)

Escobedo is serving a lawful statutory sentence of 50 years to life based on facts he either admitted or were proven to a jury beyond a reasonable doubt. "[T]he factual finding at issue [does not] increase[] the maximum potential penalty for the offense." (*People v. Towne* (2008) 44 Cal.4th 63, 77.) The resentencing provision of the Three Strikes Reform Act is an act of lenity on the part of the electorate. "It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward." (*Kaulick, supra,* 215 Cal.App.4th at pp. 1304-1305.) These proceedings do not implicate Sixth Amendment concerns.

*Section 1170.126 Is Not Unconstitutionally Vague*

The phrase "unreasonable risk of danger to public safety" as used in section 1170.126 is not unconstitutionally vague. A statute is void for vagueness only if "persons of common intelligence must . . . guess [as to] its meaning and differ as to its application[s]." (*Schweitzer v. Westminster Investments* (2007) 157 Cal.App.4th 1195, 1206.) Section 1170.126 provides adequate notice that the trial court may deny resentencing if, in its discretion with reference to the petitioner's criminal and disciplinary history, it concludes that a reduced sentence would pose an unreasonable risk of danger

5

to the public.  Standards such as "reasonable" are "not impermissively vague, provided their meaning can be objectively ascertained by reference to common experiences of mankind."  (*People v. Morgan* (2007) 42 Cal.4th 593, 606.)  Section 1170.126 is not impermissibly vague.

DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

6

James P. Cloninger, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Mark E. Weber, Deputy Attorney General, for Plaintiff and Respondent.